# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7620 | **DATE** | 3/22/2004 |
| **CASE TITLE** | Interclaim Holdings Ltd., et al. vs. Ness, Motley, Loadholt, Richardson & Poole | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion in opposition to the Bill of Costs (Doc. No. 118-1) is granted in part and denied in part. In addition to the judgment already entered, the Clerk is directed to tax costs in favor of Plaintiff and against Defendant as follows: Court Fees $467.50; Service Fees $1,588.20; Court Reporter Fees - Depositions $7,424.88; Court Reporter Fees - Trial $9,285.30; Witness Travel Fees - Depositions $5,469.87; Witness Subsistence Fees - Depositions $576.71; Witness Travel Fees - Trial $12,479.54; Witness Subsistence Fees -Trial $1,116.16; and Multimedia Exemplification $26,351.63. **TOTAL: $ 64,759.79**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 3 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | MAR 23 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | | 154 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/22/2004 | |
| | | | date mailed notice | |
| ETV | courtroom deputy's initials | 04 MAR 22 PM 5:20 | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| INTERCLAIM HOLDINGS LIMITED and INTERCLAIM RECOVERY LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>NESS, MOTLEY, LOADHOLT, RICHARDSON & POOLE,<br><br>Defendant. | No. 00 C 7620<br><br>Judge Rebecca R. Pallmeyer |



## MEMORANDUM OPINION AND ORDER

Plaintiffs Interclaim Holdings Ltd. and Interclaim Recovery Ltd. (jointly "Interclaim") prevailed in this action for breach of contract and breach of fiduciary duty against Interclaim's former attorneys, Defendant Ness, Motley, Loadholt, Richardson & Poole ("Ness, Motley"). *See Interclaim Holdings Ltd. v. Ness, Motley, Loadholt, Richardson & Poole*, 298 F. Supp. 2d 746 (N.D. Ill. 2004). In an amended Bill of Costs, Interclaim seeks recovery of expenses in the total amount of $75,846.63. Ness, Motley objects to the request. For the reasons explained below, the objections are sustained in part and overruled in part.

## DISCUSSION

Federal Rule of Civil Procedure 54(d)(1) provides: "[C]osts other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." The costs a prevailing party may recover are (1) fees of the clerk and marshal; (2) fees of the court reporter for any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Under Rule 54(d), the prevailing party enjoys the presumption that costs will be awarded. *See M.T. Bonk Co. v. Milton Bradley Co.*, 945 F.2d 1404, 1409 (7th Cir. 1991); *Cichon v. Exelon Generation Co.*, No. 02 C 3441, 2003 WL 22757760 at *1

(N.D. Ill. Nov. 10, 2003). It is "incumbent on the losing party to overcome the presumption," *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994), and a court must award costs unless it can state good reasons for not doing so. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). In reviewing a bill of costs, the court will determine whether the costs are allowable and reasonable both in their amount and their necessity to the litigation. *Cengr v. Fusibond Piping Systems, Inc.*, 135 F.3d 445, 454 (7th Cir. 1998); *Deimer v. Cincinnati Sub-Zero Prods., Inc.*, 58 F.3d 341, 345 (7th Cir. 1995). An award of costs should be entered if a listed expense is authorized by statute and is both reasonable and necessary to the litigation. *Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). *See also Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).

Interclaim lists its costs as follows:

| | |
|---|---:|
| Court Fees | $ 467.50 |
| Service Fees | 1,588.20 |
| Court Reporter Fees - Depositions | 7,424.88 |
| Court Reporter Fees - Trial | 9,285.30 |
| Witness Travel Fees - Depositions | 5,469.87 |
| Witness Subsistence Fees - Depositions | 576.71 |
| Witness Travel Fees - Trial | 12,479.54 |
| Witness Subsistence Fees - Trial | 1,116.16 |
| Duplication Fees | 11,086.73 |
| Multimedia Exemplification | <u>26,351.63</u> |
| **TOTAL:** | **$75,846.52** |

Ness, Motley objects to recovery of these costs in five categories, but uses slightly different terminology. Thus, Ness, Motley objects to recovery of costs for (1) photocopying [listed above as "Duplication Fees"] (2) exhibit preparation and audio-visual equipment rental [listed above as "Multimedia Exemplification"]; (3) fees for service of summons and subpoenas [listed above as "Service Fees"]; (4) witness fees for Martin Kenney, Irving Cohen, Irene Taylor and her companion, and travel expenses for witnesses located more than 100 miles from the place of trial [listed above as "Witness Travel Fees and Witness Subsistence Fees"]; and (5) court reporter fees. The court addresses the objections in order.

2

## A. Duplication Fees

In its second amended bill of costs, Interclaim seeks recovery of $11,086.73 for duplication fees. The amount requested appears on its face reasonable for a document-intensive case of this nature, and Ness, Motley does not quarrel with the per-page rate, which appears to range from $.06 to $.15 per page for standard size pages. *See Harkins v. Riverboat Servs., Inc.*. 286 F. Supp. 2d 976, 982 (N.D. Ill. 2003) (copy fees between $0.10 and $0.20 per page are reasonable); *Riley v. UOP LLC*, 258 F. Supp. 2d 841, 843 (N.D. Ill. 2003) ($.10 per page rate reasonable). Ness, Motley argues, however, that Interclaim has not demonstrated the necessity for these copying costs. (Defendant, Ness Motley's Motion in Opposition to Interclaim's Second Amended Bill of Costs [hereinafter, "Objections"], ¶ 8.)

The statute, 28 U.S.C. § 1920, expressly authorizes "fees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4); *see also Cengr*, 135 F.3d at 454. "The phrase 'for use in the case' refers to materials 'actually prepared for use in presenting evidence to the court.'" *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir.1990) (quoting *E.E.O.C. v. Kenosha Unified School Dist. No. 1*, 620 F.2d 1220, 1227-28 (7th Cir. 1980)); *Shah v. Village of Hoffman Estates*, No. 00 C 4404, 2003 WL 21961362, at *2 (N.D. Ill. Aug.14, 2003) (Leinenweber, J.) (citing *Riley*, 258 F. Supp. 2d at 843). Costs for copies used "solely for attorney convenience," and not for "use in the case," are not recoverable. *Alexander v. CIT Tech. Fin. Servs., Inc.*, 222 F. Supp. 2d 1087, 1089 (N.D. Ill. 2002).

In proving that copies were necessary to the litigation and not made solely for attorney convenience, a party need not submit a "description so detailed as to make it impossible economically to recover photocopying costs." *Northbrook Excess*, 924 F.2d at 643. Nor does a party need to submit a bill of costs itemizing each document copied. *Glenayre Electronics, Inc. v. Jackson*, No. 02 C 0256, 2003 WL 21947112, *3 (N.D. Ill. Aug. 11, 2003). The party seeking to recover costs must, however, provide "the best breakdown obtainable from retained records in

3

order to make the required showing of necessity." *Id. See also In re Brand Name Prescription Drugs Antitrust Litig.*, No. 94 C 897, 1999 WL 759472, at *6 (N.D. Ill. Sept. 1, 1999) (Kocoras, J.) (chart identifying, for each pleading, the nature of the document copied, the number of service copies prepared, the number of pages, the copying cost per page, and the total copying cost held sufficient to satisfy Seventh Circuit's requirements for reimbursement of photocopying costs). Specifically, the party seeking recovery of photocopying costs must come forward with evidence showing the nature of the documents copied, including how they were used or intended to be used in the case. *Glenayre Electronics*, 2003 WL 21947112, at *3 (citation omitted). "A prevailing party may not simply make unsubstantiated claims that such documents were necessary, since the prevailing party alone knows for what purpose the copies were made." *Le Moine v. Combined Communications Corp.*, No. 95 C 5881, 1996 WL 435115, at *2 (N.D. Ill. July 31, 1996). Further, where the court is unable to determine whether photocopies were reasonable or necessary for use in a case, that claim for costs should be denied. *See Glenayre Electronics*, 2003 WL 21947112, *4 (citing *Place v. Abbott Labs.*, No. 94 C 5491, 1999 WL 569580, at *3 (N.D. Ill. July 30, 1999)); *American Auto. Accessories, Inc. v. Fishman*, 991 F. Supp. 995, 997 (N.D. Ill. 1998).

The court concludes that Interclaim has not met its burden on this issue. The invoices it has submitted do disclose the copying costs per page, but they fail to identify the particular pages or documents copied, even by way of rough categorization. Attorney McNally's affidavit asserts that Interclaim "has sought reimbursement only for the costs of copying documents for document production during the discovery period and for use at the June 2003 trial." (Affidavit of Laura K. McNally in Support of Interclaim's Bill of Costs, ¶ 12.) Indeed, invoices from February, March, April, and May 2003 refer to Bates labeled documents, presumably for purposes of discovery. (Invoices, Exhibit I to Interclaim's Bill of Costs.) Nevertheless, without at least minimal additional detail, the court is unable to verify that the copies indeed relate to materials necessary for use in this case, as opposed to materials copied for counsel's convenience. Counsel's internal records

(presumably, of in-house copies) are even less informative; they include the number of copies made, apparently linked to this case by way of the firm's client number, and the cost of those copies at $.10 per page. All other potentially identifying information has been redacted from the record, however, and Attorney McNally's affidavit does not even explain the client codes. The affidavit points out that Interclaim is not seeking reimbursement for file and service copies of motions and pleadings, recovery of which is authorized by Rule 54. Because the court is unable to determine that the amounts Interclaim does seek are properly reimbursable, the court sustains Ness, Motley's objection to recovery of the copying charges. See *Glenayre Electronics*, 2003 WL 21947112, at *3 (denying claim for photocopying fees where party presented "bare-bones" internal billing statements which provided none of the detail or explanation required).

### B. Multi-media Expenses

Interclaim seeks recovery of its expenses for exhibit preparation and audio-visual equipment rental in the amount of $26,351.63. Ness, Motley objects, but the only authorities it cites are a single case and a treatise, both 30 years old. Law in this Circuit is clear that these expenses are recoverable as costs. The Seventh Circuit addressed the matter in *Cefalu v. Village of Elk Grove*, 211 F.3d 416 (7th Cir. 2000), rejecting this court's own more conservative approach to the question:

> [I]n view of the illustrative purpose of exemplification, we are not convinced that the line between producing an exhibit and presenting that exhibit to the court is the most appropriate one to draw. Enlarging a crucial document, for example, may be the only practical means of permitting a witness to point out the forensic features of that document. . . . Allowing fees for the cost of preparing [the exhibit] but not for renting the projector would in this sense be a highly formalistic distinction, as each is key to the illustrative function of the exhibit.

*Id.* at 428-29. *See also Haroco, Inc. v. American Nat'l Bank and Trust Co.*, 38 F.3d 1429, 1441 (7th Cir. 1994) (permitting recovery as costs of expense of graphic services employed in preparing exhibits considered reasonable and necessary to the litigation). Since *Cefalu*, courts have consistently upheld awards of multimedia equipment rental fees from outside vendors. *See, e.g.,*

*Newsome v. McCabe*, No. 96 C 7680, 2002 WL 1008472, at *11 (N.D. Ill. May 17, 2002); *Trammel v. BASF Corp.*, No. 99 C 6897, 2002 WL 59114 (N.D. Ill. Jan. 14, 2002); *Chemetall GmbH v. ZR Energy, Inc.*, No. 99 C 4334, 2001 WL 1104604 (N.D. Ill. Sept. 18, 2001). Ness, Motley points out that the audio-visual display used by Interclaim in this case "was not requested by the court." (Objections, ¶ 10.) Indeed, the Seventh Circuit at one point imposed a "prior court approval" requirement, *see Wahl v. Carrier Mfg. Co.*, 511 F.2d 209, 217 (7th Cir. 1975), but the *Cefalu* court adopted a much broader approach to the definition of "exemplification expenses." Under *Cefalu*, such expenses encompass not only graphs and charts, but also sophisticated multi-media presentations, allowing for recovery of expenses for use of recent technological advances. *See Chemetall GmbH*, 2001 WL 1104604, at *29-30.

In contrast to Interclaim's photocopying invoices, the invoices it has submitted from Trial Graphix provide substantial detail, identifying the work performed, the number of hours worked on specific tasks, and the materials produced for use at trial. Having presided over the trial, the court is satisfied that the display of complicated documents, including the retainer agreement between Interclaim and Ness, Motley, the decisions of the Canadian courts, and correspondence, was useful and necessary to communicate the issues in this case effectively to the jury. *Cf. Chemetall GmbH*, 2001 WL 1104604, at *31 ("pointing to a single page in a large trial notebook with multiple pages of exhibits would not have effectively shown to the jurors the most important features of the chemical reaction"). Ness, Motley's objection to the multimedia exemplification charges is overruled.

### C. Service of Summons

Interclaim seeks fees for service of summons and subpoenas in the amount of $1,588.20. Ness, Motley objects to award of these fees, asserting that they are "not recoverable where they are based upon the service of the subpoena by a special process server." (Objections, ¶ 11.) The authorities it cites for this proposition, however, are from other Circuits. Although 28 U.S.C. § 1920

has not been amended to reflect the practical reality that the United States Marshal rarely serves process in private civil actions, the Court of Appeals for the Seventh Circuit allows the award of costs for service by private process servers to the extent that their fees do not exceed the statutory fees for United States Marshals. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996) (rejecting the authority of *Crues v. KFC Corp.*, 768 F.2d 230 (8th Cir. 1985), relied on by Ness, Motley). Interclaim has submitted invoices from its private process servers, as well as the affidavit of its paralegal, Michael J. McNaughton, explaining that the private services charged Interclaim a flat fee which averaged to $88.32 per witness, less than the fee charged for two hours at the $45 per hour rate charged by the U.S. Marshals Service for this district. Mr. McNaughton's affidavit is technically hearsay, but it is corroborated by the invoices Interclaim has submitted. In any event, the court is unaware of any requirement that the Federal Rules of Evidence control the admissibility of materials submitted in support of a Bill of Costs. Ness, Motley's objection to Interclaim's costs for service is overruled.

### D. Witness Fees

Interclaim seeks recovery of travel and subsistence fees for its witnesses. Recovery of fees and disbursements for witnesses is expressly authorized by 28 U.S.C. § 1920(3), and 28 U.S.C. § 1821 provides that "a witness in attendance at any court of the United States . . . shall be paid an attendance fee of $40 per day for each day's attendance." 28 U.S.C. § 1821(a)(1), (b). Our Court of Appeals has concluded that read together, these sections authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses. *Majeske v. City of Chicago*, 218 F.3d 816, 825-26 (7th Cir. 2000) (citing *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64-65 (5th Cir. 1994)); *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993); *Chicago College of Osteopathic Med. v. George A. Fuller Co.*, 801 F.2d 908, 910 (7th Cir. 1986). The witnesses are expected to "utilize a common carrier and the most economical rate reasonably available." 28 U.S.C. § 1821 (c)(1).

Ness, Motley has objected to this item of costs on three grounds: (1) that recovery of fees for witnesses who are also officers of the corporate plaintiff is improper; (2) that Interclaim is not entitled to reimbursement for the airfare of witness Irene Taylor and her companion where local witnesses were available; and (3) that expenses for travel in excess of 100 miles is not compensable. For the reasons explained below, each of these objections is overruled.

First, the fact that witnesses Martin Kenny and Irving Cohen are also officers of Plaintiff Interclaim does not preclude recovery of expenses for their testimony. The statute provides that "all witnesses" available to testify at a deposition or at a trial are to be paid the fees and allowances provided under 28 U.S.C. § 1821, including witnesses willing to testify voluntarily. *Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571, 576 (N. D. Ill. 1997) (citing *FMC Corp. v. United States*, No. 91 C 4784, 1994 WL 548212, at *1 (N.D. Ill. Oct. 6, 1994)). The Seventh Circuit has explained that

> [i]n interpreting Section 1821, courts consistently have held that parties are not entitled to witness fees for their own appearances in court. *See, e.g., Green Const. Co. v. Kansas Power & Light Co.*, 153 F.R.D. 670, 678-79 (D. Kan. 1994); *Ingersoll Milling Machine Co. v. Otis Elevator Co.*, 89 F.R.D. 433, 435 (N.D. Ill. 1981). Equally consistently, however, courts have held that costs may be assessed for corporate officers and directors not personally involved in the litigation who testify on behalf of the corporation. *See Green Const. Co.*, 1994 WL 76612 at *6 ("the expenses of a director or officer of a corporate party who is not personally involved in the litigation may be taxable if he is testifying on behalf of the corporation he represents, and that corporation is a party to the lawsuit.") (citations omitted); *Ingersoll*, 89 F.R.D. at 435; see also 10 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2678, at 376.

*WH Smith Hotel Servs., Inc. v. Wendy's Int'l, Inc.*, 25 F.3d 422, 429-30 (7th Cir. 1994). Thus, a prevailing party is ordinarily not entitled to recover the expenses incurred by officers who attend the trial merely as corporate representatives, but is not barred from recovery of those costs for the days on which the corporate representatives were called as witnesses. *E.E.O.C. v. Sears, Roebuck and Co.* 114 F.R.D. 615, 624 (N.D. Ill.1987) (citing *Simmons v. McLean Trucking Co.*, 100 F.R.D. 61, 63 (N.D. Ga. 1983)); *Mastrapas v. New York Life Ins. Co.*, 93 F.R.D. 401, 406 (E.D. Mich. 1982); *Dorothy K. Winston & Co. v. Town Heights Development, Inc.*, 68 F.R.D. 431, 433 (D.D.C. 1975).

In this case, Interclaim seeks recovery of expenses relating only to the days when Mr. Cohen and Mr. Kenney testified. The interests of both officers arguably reflect more personal involvement than "a natural concern for their corporate employer[]," *Green Constr. Co.*, 153 F.R.D. at 679, but Ness, Motley has not developed this argument and the court declines to do so on its behalf. *See Kauthar SDN DHB v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998) ("[i]t is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel"). The request for witness fees for Mr. Cohen and Mr. Kenney is allowed.

Ness, Motley's second objection is aimed at "airfare for Irene Taylor and her companion." The court notes, initially, that Interclaim seeks reimbursement for the travel expenses of Ms. Taylor alone, not her companion. Ms. Taylor testified briefly but persuasively about her understanding of her own role in the class action in which Ness, Motley's conduct is challenged, and the effect that Ness, Motley's abandoning of her as a client had on her. Ness, Motley contends recovery of expenses for her travel is inappropriate because "local witnesses were available"; tellingly, however, Defendant, who itself once represented Ms. Taylor and the other 28 "Interclaim victims" has not bothered to identify any such local witness. Within reason, a party should be able to utilize the best available witnesses. *FMC Corp.*, 1994 WL 548212. Ness, Motley's objection to the expenses for Irene Taylor is overruled.

Finally, Ness, Motley objects to recovery of travel expenses greater than one hundred miles from the place of the trial. The case Defendant cites, however, *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964), makes clear that there is no blanket prohibition of such recovery. Instead, the matter is left to the discretion of the trial judge under Rule 54(d). *Id.* at 232-33. In this Circuit, a prevailing party is not required to make a showing of special circumstances in order to justify recovery of expenses for travel of witnesses from distances greater than 100 miles: "Nothing in Rule 54(d) or in 28 U.S.C. §§ 1821 or 1920 suggests that a witness's travel expenses cannot be

9

reimbursed if he comes from beyond subpoena range. Just because he can not be subpoenaed to testify does not mean that if he testifies voluntarily the travel expenses that he incurs are not reimbursable." *Chicago College of Osteopathic Medicine*, 801 F.2d at 911.

Ness, Motley's objections to the witness expenses are overruled.

### E. Court Reporter Fees

Finally, Interclaim seeks recovery of fees it paid the court reporter for the transcript of witness depositions. The Seventh Circuit has held that although such fees are not specifically mentioned in the statute, the district court may award them in its discretion pursuant to 28 U.S.C. § 1920(2). *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). *See also SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 944 (7th Cir. 1988); *Riley*, 258 F. Supp. 2d at 844. In its two-sentence objection to this item of costs, Ness, Motley merely asserts that the fees are "excessive and improper[]" and seek recovery of expenses "not reasonably necessary for trial." (Objections, ¶ 13.)

These undeveloped objections must be overruled. The law is clear that deposition transcripts "need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough if they are 'reasonably necessary.'" *American Automotive Accessories*, 991 F. Supp. at 997 n. 1 (quoting *Barber*, 7 F.3d at 645). Moreover, in determining whether a deposition was reasonably necessary, "[t]he proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken." *Cengr*, 135 F.3d at 455 (emphasis added); *Barber*, 7 F.3d at 645 ("the determination of necessity must be made in light of the facts known at the time of the deposition"). In this case, all but one of the witnesses for whose deposition Interclaim now seeks recovery was in fact called as a witness at trial. The single witness who did not testify was identified by each side on its witness list in the final pretrial order. The notion that these depositions were not necessary cannot be credited.

Nor is the court concerned by Ness Motley's suggestion that Interclaim somehow acted

improperly in re-calculating its bills for the amended Bill of Costs. The recalculation reduced the amount requested and obviously did not prejudice Defendant. Ness, Motley's objection to the amounts requested for deposition transcripts is overruled.

## CONCLUSION

Defendant's motion in opposition to the Bill of Costs (Doc. No. 118-1) is granted in part and denied in part. In addition to the judgment already entered, the Clerk is directed to tax costs in favor of Plaintiff and against Defendant as follows:

| | |
|---|---:|
| Court Fees | $ 467.50 |
| Service Fees | 1,588.20 |
| Court Reporter Fees - Depositions | 7,424.88 |
| Court Reporter Fees - Trial | 9,285.30 |
| Witness Travel Fees - Depositions | 5,469.87 |
| Witness Subsistence Fees - Depositions | 576.71 |
| Witness Travel Fees - Trial | 12,479.54 |
| Witness Subsistence Fees - Trial | 1,116.16 |
| Multimedia Exemplification | 26,351.63 |
| **TOTAL:** | **$ 64,759.79** |

ENTER:

Dated: March 22, 2004

REBECCA R. PALLMEYER
United States District Judge

11